UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLYN M JOHNSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:14CV00697 AGF |
| AT&T CORPORATION, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand the case to state court, and Plaintiffs' motion for voluntary dismissal without prejudice if the case is not remanded. Plaintiffs, husband and wife, filed this action pro se in Missouri state court (small claims court) on March 6, 2014, asserting a claim against Defendant (Plaintiff Carlyn Johnson's former employer) for breach of contract related to charging Carlyn Johnson, beginning in 2013, for medical benefits by taking deductions from her pension plan. Plaintiffs sought recovery in the amount of $1,899.00 plus interest and attorney's fees.

On April 4, 2014, Defendant removed the action to this Court based on federal question jurisdiction in that the action arises under the federal Employee Retirement Income Security Act ("ERISA"). Plaintiffs move to remand the case to state court. They maintain that they should not be forced to proceed in federal court, especially in light of the small amount of recovery sought. In a separate motion, they move to voluntarily dismiss their action without prejudice if the Court denies the motion to remand.

The Court first concludes that removal was timely and that the basis for removal is

valid. *See, e.g., Kress v. Dutchtown S. Cmty. Corp.*, No. 4:11CV01537 HEA, 2012 WL 2374710, at *3 (E.D. Mo. June 22, 2012) (denying the plaintiffs' motion to remand a case characterized by the plaintiffs as a breach of contract case, where the claims related to an employee benefit plan governed by ERISA). Accordingly, the Court will deny Plaintiffs' motion to remand.

Plaintiffs' alternative motion for voluntary dismissal without prejudice is addressed to the sound discretion of the district court, which may attach to the granting of the motion such "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Upon granting a voluntary dismissal, the Court has the authority to award costs and reasonable attorney's fees to a defendant that were incurred in defending the action prior to the dismissal. *Pruiett v. Doe*, 4:12CV01813 SPM, 2013 WL 1342369, at *2 (E.D. Mo. Apr. 3, 2013) (citing *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995)). Alternatively, the Court may grant the voluntary dismissal but order that, if the plaintiff chooses to refile the action against the defendant at a later date, then the plaintiff must pay the defendant's fees and costs associated with the dismissed action. *Id*. at *2.

Here the Court believes that if it were to grant Plaintiffs' motion for voluntary dismissal without prejudice, it would be appropriate to do so with the condition that if Plaintiffs refile this or a substantially identical action against Defendant in either state or federal court, they be required to pay Defendant its costs of this action, including reasonable attorney's fees, to be determined at the time of the new filing.

In Plaintiffs' recent filings, however, it appeared to the Court that Plaintiffs may be indigent and might qualify for the appointment of counsel who could represent Plaintiffs

pro bono in this court proceeding. As such, the Court will withhold ruling on Plaintiffs' motion for voluntary dismissal without prejudice to give Plaintiffs the opportunity to move for the appointment of counsel, should they believe they qualify financially for such appointment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for remand is **DENIED**. (Doc. No. 6.)

**IT IS FURTHER ORDERED** that the Clerk's Office shall send Plaintiffs a Financial Affidavit form that litigants seeking the appointment of counsel are required to complete and submit along with a motion for appointment of counsel. Plaintiffs shall have up to and including **July 7, 2014**, to complete and submit such form and move for the appointment of counsel, should they wish to do so. If Plaintiffs fail to do so, the Court will grant Plaintiffs' motion for voluntary dismissal without prejudice, with the condition noted above.

Dated this 27th day of June, 2014.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE